Bronx Acupuncture Therapy, P.C., as Assignee of NIURKA MEJIA, Appellant,
against
Hereford Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Reginald A. Boddie, J.), entered January 23, 2015. The order, insofar as appealed from as limited by the brief, granted the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under codes 97039 and 99199 of the workers' compensation fee schedules.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under codes 97039 and 99199 of the workers' compensation fee schedules are denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint, arguing that it had fully paid plaintiff for the services at issue in accordance with the workers' compensation fee schedules. The Civil Court granted defendant's motion in its entirety. As limited by its brief, plaintiff appeals from so much of the Civil Court's order as granted the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under codes 97039 and 99199 of the workers' compensation fee schedules.
The record reflects that plaintiff submitted three claim forms to defendant which included charges for 21 sessions of moxibustion, under code 97039, which is described as "Unlisted modality (specify type and time if there was constant attendance)" and for one session of acupressure, under code 99199, which is described as "Unlisted special service, procedure or report." The workers' compensation fee schedules do not assign a relative value to either of those codes, but instead have assigned them a "By Report" designation, which requires a provider to furnish certain additional documentation to enable the insurer to determine the appropriate amount of reimbursement. Plaintiff did not provide such documentation with its claim forms and defendant did not, within 15 business days of its receipt of the claim forms, request "any additional verification required by the insurer to establish proof of claim" (11 NYCRR 65-3.5 [b]). As defendant failed to demonstrate upon its motion that it had requested any additional verification from plaintiff seeking the information it required in order to review plaintiff's claims for services billed under codes 97039 and 99199 of the workers' compensation fee schedules, defendant was not entitled to summary judgment dismissing so much of the complaint as sought [*2]to recover for services rendered under those codes (see Gaba Med., P.C. v Progressive Specialty Ins. Co., 36 Misc 3d 139[A], 2012 NY Slip Op 51448[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; see generally Rogy Med., P.C. v Mercury Cas. Co., 23 Misc 3d 132[A], 2009 NY Slip Op 50732[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). 
Accordingly, the order, insofar as appealed from, is reversed, and the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under codes 97039 and 99199 of the workers' compensation fee schedules are denied.
Elliot, J.P., Pesce and Solomon, JJ., concur.
Decision Date: January 20, 2017